**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3802
_____

CHARLES JACKSON,
                                        Appellant

v.

CITY OF PITTSBURGH PENNSYLVANIA; TIMOTHY KREGER,
individually and as agent of the City of Pittsburgh, PA; ERIC HOLMES,
individually and as agent of the City of Pittsburgh, PA; MARK GOOB,
individually and as an agent of the City of Pittsburgh, PA; JAMES JOYCE,
individually and as an agent of the City of Pittsburgh, PA; GREGORY
WOODHALL, individually and as agent of city of Pittsburgh, PA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00111)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2012

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed July 10, 2012)
_____

OPINION
_____

PER CURIAM

        Charles Jackson appeals pro se from the District Court's entry of judgment

following a jury verdict in favor of the defendants and its denial of his motions for reconsideration, relief from the judgment, and a new trial. We will affirm.

I.

Jackson filed suit under 42 U.S.C. § 1983 against the City of Pittsburgh and four police officers involved in his 2001 traffic stop and arrest. The parties dispute what transpired during the stop, but officers ultimately arrested Jackson on charges of failure to use his turn signal, driving with a suspended license, disorderly conduct and resisting arrest. They also searched his car and had it towed. Jackson was injured during the altercation and spent one night in jail. He later pleaded guilty to failing to signal but the other charges were dismissed. Jackson is African-American and the defendant officers are Caucasian.

Jackson filed suit pro se but later retained counsel. He asserted claims for: (1) illegal search and seizure; (2) wrongful arrest; (3) excessive force; (4) deliberate indifference to his medical needs; (5) conspiracy to deprive him of his equal protection rights; and (6) municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). After discovery, the District Court entered summary judgment against Jackson on his medical needs and equal protection claims (which he does not challenge on appeal) but scheduled his remaining claims for trial. The District Court scheduled trial in three phases: Phase One for Jackson's claims against the individual officers, Phase Two for his Monell claim against the City, and Phase Three for damages. The parties tried Phase One before a jury for five days. At the conclusion of that phase, the

District Court granted the individual defendants' Rule 50 motion for judgment as a matter of law on Jackson's claims regarding the search and seizure of his car. The jury then deliberated and returned a verdict in favor of the individual defendants on all of Jackson's other claims. With that verdict, the District Court dismissed Jackson's Monell claim against the City because there were no underlying constitutional violations.

Jackson appealed pro se, and the District Court provided him with the trial transcripts at the Government's expense. Jackson also filed pro se motions for a new trial and reconsideration under Rule 59 and for relief from the judgment under Rule 60(b). The District Court denied those motions on August 8, 2011, and Jackson filed a second notice of appeal from that ruling.[1]

II.

Jackson raises essentially eleven issues on appeal, most of which the District Court addressed in its opinion of August 8, 2011. That opinion is commendably thorough and well-reasoned, and we reject the majority of Jackson's arguments for the reasons adequately explained therein.[2] Only three of Jackson's arguments require

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's evidentiary rulings and denial of a motion for a new trial, see McKenna v. City of Phila., 582 F.3d 447, 460 (3d Cir. 2009), as well as its denial of relief under Rule 60(b), see Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011), and Rule 59(e), see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We review underlying legal issues de novo. See id.

[2] In particular, the District Court properly rejected Jackson's arguments that: (1) the court erred in excluding an Office of Municipal Investigation Report for impeachment purposes (Dist. Ct. Aug. 8, 2011 Op. at 41-43) (Docket No. 240); (2) the verdict was

3

discussion here.

First, Jackson argues that the District Court erred in excluding evidence that three of the four charges against him were dismissed. Jackson sought to introduce as plaintiff's exhibit fifteen a summary of the charges and their disposition, and he sought to call Todd Lesesne, a judicial clerk, to testify to the same effect. The District Court denied both requests on the grounds that this evidence is irrelevant to whether the defendant officers had probable cause to arrest Jackson and that, even if it were relevant, its relevance was outweighed by the danger of misleading the jury. (Dist. Ct. Aug. 8, 2011 Op. at 21-25) (Docket No. 260) (applying Fed. R. Evid. 401 & 403). We agree that the ultimate dismissal of certain charges against Jackson is not relevant to whether the defendant officers had probable cause to arrest him the first place. See Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005) ("[I]t is irrelevant to the probable cause analysis . . . whether a person is later acquitted of the crime for which he or she was arrested[.]"); Stewart v. Abraham, 275 F.3d 220, 229-30 (3d Cir. 2001) (explaining distinction between the

---

against the weight of the evidence (id. at 47-49); (3) Phase Two of the trial should have proceeded because defendant Officers Goob and Keger admitted violating the police department's policies (id. at 52-53); (4) the jury contained no African-Americans in purported violation of Batson v. Kentucky, 476 U.S. 79 (1986) (Dist. Ct. Aug. 8, 2011 Op. at 19-21); (5) the court erred in excluding evidence concerning the defendant officers' disciplinary history, prior excessive force complaints, and a consent decree that the City of Pittsburgh entered into as a result of a prior lawsuit (id. at 36-40, 43-46); (6) the court erred in excluding a Carfax report regarding Jackson's car (id. at 28-31); (7) the court impermissibly restricted the questioning and testimony of Jackson's excessive force expert, James Baranowski (id. at 32-36); and (8) the court erred in granting defendants' Rule 50 motion as to his search and seizure claim because there were disputed issues of fact (id. at 49-52).

probable cause standard and the standard for dismissal of a charge under Pennsylvania law).

Jackson argues that defendants nevertheless opened the door to this evidence because one defense counsel stated during his opening argument that, "[f]irst of all, the officers had the right to make the traffic stop. He [Jackson] was guilty of that." (N.T., Aug. 23, 2010, at 64) (Docket No. 239). Jackson argues that he should have been permitted to complete the picture by telling the jury that three of the four charges against him were actually dismissed. The District Court did not specifically address that argument, but we perceive no error. Counsel's statement referred only to the traffic violation to which Jackson pleaded guilty and not to the other charges that were dismissed. In addition, Jackson himself was permitted to testify without objection that other charges were dismissed. (N.T., Aug. 24, 2010, at 142, 173) (Docket No. 240). Under the circumstances, the District Court did not abuse its discretion in excluding this evidence.

Second, Jackson raises a number of arguments based on the purported absence of the "Criminal Complaint/Affidavit of Probable Cause" under which he was arrested. According to Jackson, that document would have shown that he was arrested by a different officer than the defendants at trial and that the arrest occurred on November 3 instead of November 2, 2001. Jackson sought relief under Rule 60(b) on the ground that defendants wrongfully withheld this document from him during discovery. The District Court thoroughly explained why this argument lacks merit, for reasons including

5

Jackson's own prior possession of the document and the fact that he was aware of these alleged circumstances but never sought to introduce evidence on the issue at trial. (Dist. Ct. Aug. 8, 2011 Op. at 54-63) (Docket No. 260). Jackson repeats this argument on appeal. In that regard, he has filed a motion to compel defendants to produce the document for purposes of appeal and a motion to stay this appeal pending such production and to permit him to file a reply brief thereafter. We will deny these motions because the document in question is neither relevant to any issue, nor part of the record, on appeal. See Fed. R. App. P. 10(a).[3]

Finally, Jackson takes issue with the admission of evidence that he was convicted of unspecified drug trafficking violations in 2007. Before trial, the District Court granted Jackson's motion in limine to exclude evidence of those convictions, but it did so without prejudice to defendants' ability to introduce such evidence if Jackson himself put the convictions at issue. (Dist. Ct. June 17, 2010 Order) (Docket No. 165). At trial, Jackson testified on direct examination that one of the defendant officers accused him of being a drug dealer and became angry when he did not find evidence to support the accusation. (N.T., Aug. 24, 2010, at 35-36, 39, 42-43) (Docket No. 240). Defendants later argued that this testimony, with its implication that Jackson was not a drug dealer, opened the door to use of his 2007 convictions to impeach him on that point. The District Court acknowledged that the issue "may be a close call" but it permitted the questioning. (Id. at

---

[3] Jackson's reply brief initially was due by April 4, 2012, but we granted him an extension to file it by May 3, 2012. Jackson thus has had ample opportunity to reply.

134.)  On cross-examination, Jackson conceded the convictions but testified that they were the subject of a pending petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546.  (Id. at 138-39.)

Jackson asserts that the District Court erred in permitting this evidence, but his brief contains no real argument on that point and we perceive no error.  We agree with the District Court that the call was a close one, and even if we would not have admitted the evidence (which we do not decide) the call was close enough as to be within the District Court's discretion.  Jackson also argues that a new trial is warranted because his PCRA petition was granted and the 2007 convictions were vacated after he filed this appeal.  Jackson raised this argument in another Rule 60(b) motion that he filed with the District Court.  On January 18, 2012, the District Court denied that motion without prejudice to Jackson's ability to re-file it after the disposition of this appeal.  See Fed. R. Civ. P. 62.1.  With the disposition of this appeal, Jackson may now pursue his motion in the District Court.  We express no opinion on the merits of that motion in the first instance.

For these reasons, we will affirm the judgment of the District Court.  Jackson's outstanding motions are denied.